ON PETITION FOR REHEARING
MANN, Judge.
The insurer alleges in its petition for rehearing, as it did in its brief, that this case is distinguishable from the cases cited in our memorandum opinion by virtue of an interpretive endorsement purporting to limit the effect of the products hazard exclusion. The endorsement reads:
“INTERPRETIVE ENDORSEMENT PRODUCTS — COMPLETED OPERATIONS HAZARD
******
“It is understood and agreed that the word ‘operations’ as used in the Products Hazard includes any act or omission in connection with operations performed by or on behalf of the named insured on the premises or elsewhere, whether or not goods or products are involved in such operations.”
Except for this endorsement the cases are factually the same. As in the cases cited, Stevens was a contractor, not a manufacturer, and he neither needed nor purchased products liability insurance. He contends that his policy protects him against liability resulting from claimed negligence in the installation of products manufactured by others, and that the further definition of the products liability provisions of this standard form policy take nothing from his coverage under the clauses which protect him. The insurer contends that this interpretive endorsement was added as a result of the cases we cited to avoid liability in such a case as this, in which after completion of a job someone claims injury resulting from allegedly negligent installation of electrical equipment, and that it expressly excludes liability. We need not decide that. It is at best ambiguous, and Stevens’ view is supported by common sense. Florida courts have held in many cases, some of which are cited in the cases cited in our memorandum opinion, that ambiguity is resolved against the insurer. If this insurance company had no intention of defending an electrical contractor accused of negligent installation (not manufacture) after completion of his work it should have said so in plain English. See Flesch, The Art of Plain Talk, passim.
The cases we cited suggest. clearly that when the insurance company states clearly on page one of the policy that it excludes a certain section of the policy the insured may look to what he has bought to determine his coverage. To diminish that coverage by redefining what he hasn’t bought is productive of ambiguity at least. That is the most charitable view which can be taken of the finished product of the insurer’s draftsmen.
Any appellate judge who has seen what he thought was a perfectly clear opinion cited as authority for some bizarre proposition can sympathize with those who must write technical language. The law does not penalize plain language, but it puts the cost of ambiguity squarely on the insurer.
The petition for rehearing is denied.
LILES, J., concurs.
HOBSON, C. J., dissents.